IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                      ORDER

    v.                                09-cr-26-bbc-1

HAKEEM STEVENS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Hakeem Stevens' supervised release was held on September 11, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, William Jones. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 7, 2009, following his conviction for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the

custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 36-month term of supervised release to follow.

Defendant began his initial term of supervised release on September 10, 2010. On January 3, 2012, I revoked his term of supervised release because he had been convicted of a misdemeanor for resisting and obstructing an officer; he had used marijuana; and he had failed to file timely monthly reports. Defendant was ordered to serve a nine-month term of imprisonment with credit for time served, with a 24-month term of supervised release to follow. I modified Special Condition No. 1 to require defendant to spend up to 90 days of his supervised release in a residential reentry center.

On January 3, 2012, defendant began his second term of supervised release. In May 2012, he violated Standard Condition No. 2, requiring him to submit a truthful and complete written monthly report within the first five days of each month, when he failed to submit a written monthly report for April 2012.

On April 19, 2012, defendant violated Standard Condition No. 3, requiring him to answer truthfully to all inquiries by the probation officer and follow the probation office's instructions, when he failed to report as instructed to Dr. Thomas Moran's office for a mental health assessment. Defendant violated this condition again on April 23, 2012, when he failed to contact the probation office as previously instructed.

On May 8, 2012, defendant violated Standard Condition No. 6, requiring him to notify the probation officer at least 10 days prior to any change in residence or employment,

when he moved from his residence and failed to provide the probation officer his new address.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of supervision.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is IV. With a Grade C violation, he has an advisory guideline term of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months because his original conviction was for a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violations of supervised release.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 3, 2012, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months. No term of supervised release shall follow the term of imprisonment.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 11th day of September 2012

BY THE COURT:

/s/

BARBARA B. CRABB

U.S. District Judge